IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY LEE CARROLL, | ) | No. C 08-3425 JF (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) | (Docket No. 2) |
| Defendants. | ) | |

    Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff states that he did not file an administrative appeal to the highest level of review available to him. Consequently, this case is DISMISSED without prejudice for failure to exhaust administrative remedies.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

1988).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion requirement requires "proper exhaustion" of all available administrative remedies.  Ngo, 548 U.S. at 93.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation.  Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  See id. at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits.  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the

1 prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at
2 1120.  Here, Plaintiff concedes in his complaint that he has not exhausted his
3 administrative remedies, (Complaint at 2), and no exception to exhaustion is alleged or
4 apparent in the complaint.  He states that the reason he did not exhaust his claims is that
5 prison officials rejected his administrative appeal at the first, informal level because he
6 did not "meet time limits."  (Id.)  This does not excuse the PLRA's requirement of
7 "proper exhaustion" under Ngo: "Proper exhaustion demands compliance with an
8 agency's deadlines and other critical procedural rules because no adjudicative system can
9 function effectively without imposing some orderly structure on the course of its
10 proceedings." 548 U.S. at 90-91 (footnote omitted).

11      Section 1997e(a) requires that Plaintiff present his claim to each level of
12 administrative review set forth above, including the Director's level of review, before
13 raising the claim in a § 1983 complaint in federal court.  As it is clear from the complaint
14 that Plaintiff has not "properly exhausted" his claims pursued all levels of administrative
15 review available to him, and there is no applicable exception to the exhaustion
16 requirement, dismissal without prejudice is appropriate.

17      Accordingly, the above-titled action is hereby DISMISSED, without prejudice to
18 Plaintiff's refiling his claim after all available administrative remedies have been
19 exhausted.  Plaintiff's motion for appointment of counsel is DENIED.

20      The Clerk shall close the file, and enter judgment in favor of Defendants.  This
21 order terminates Docket No. 2.

22      IT IS SO ORDERED.
23 DATED: 11/13/08
24                                                   JEREMY FOGEL
                                                  United States District Judge